# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 12-02040-TLM |
| **BARRY TODD BAILEY and** | ) | |
| **ANNE MARGARET BAILEY,** | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **BRIAN D. BURKS, EMERALD** | ) | |
| **ASSET MANAGEMENT nka** | ) | |
| **BURKS WEALTH** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-06057-TLM |
| | ) | |
| **BARRY TODD BAILEY,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION ON REMAND
_____

**BACKGROUND**

Brian Burks and Emerald Asset Management nka Burks Wealth

Management, Inc. ("Plaintiffs") sued chapter 7 debtor, Barry Todd Bailey

("Debtor") seeking to hold debts owed Plaintiff nondischargeable under

§§ 523(a)(2) and (a)(6).  On August 23, 2013, this Court issued a Memorandum of

MEMORANDUM OF DECISION ON REMAND - 1

Decision, Doc. No. 42, holding that Plaintiffs would have a nondischargeable judgment in the amount of $100,280.00 under § 523(a)(2)(A) and $34,937.65 under § 523(a)(6), for total compensatory damages of $135,217.65. The Court also held that Plaintiffs were entitled to a nondischargeable judgment in the amount of $135,217.65 as punitive damages. The Court subsequently awarded and allowed Plaintiffs attorneys' fees of $30,874.95 and costs of $543.50. Judgment was entered accordingly. Doc. No. 50.

On Debtor's appeal, the District Court entered its Memorandum Decision and Order on September 30, 2014. *See* District Court Case No. 1:13-cv-00467-BLW at Doc. No. 16. (A copy was filed herein on October 1, 2014 as Doc. No. 70.) The District Court affirmed in part, and reversed and remanded in part.

The District Court found no error in the determination that Debtor's conduct was fraudulent under § 523(a)(2)(A) and willful and malicious under § 523(a)(6). However, it found that this Court erred in calculating the debt. The compensatory damages portion of the judgment was therefore vacated and that aspect remanded so that Plaintiffs could elect under which theory of recovery (fraud or breach of the non-competition agreement) they wished to claim damages.

The District Court further found no error in this Court's award of punitive damages. But it vacated and remanded that aspect of the Judgment in order to permit this Court to redetermine punitive damages based on Plaintiffs' election

MEMORANDUM OF DECISION ON REMAND - 2

regarding compensatory damages.  In so doing, it stated: "Although the Court will remand the punitive damages question so that the bankruptcy court can decide punitive damages after determining the new compensatory damages award, the Court believes that the punitive damages award issued here would be sustainable – even if the bankruptcy court had determined that compensatory damages were in the $35,000 range."  It later stated: "The record easily supports the bankruptcy court's decision on punitive damages – both in terms of the conduct and circumstances required to support such an award, as well as the amount awarded. Nevertheless, because the Court has reversed the compensatory damages award, it will vacate the punitive damages award as well, to give the bankruptcy court an opportunity to determine punitive damages relative to the new compensatory damages award."

As a result of a status hearing and discussion with counsel, Plaintiffs were provided an opportunity to elect how they wished to pursue the issue of compensatory damages.  Debtor was given an opportunity to respond to Plaintiffs' election, and the matter would then be taken under advisement.

Plaintiffs' Memorandum, Doc. No. 73, elects to recover the compensatory damages in the amount of $100,280 for Debtor's fraud as previously determined, and to decline the alternative of litigating compensatory damages for breach of the non-competition agreement.  Plaintiffs, however, also request the Court add the

MEMORANDUM OF DECISION ON REMAND - 3

$34,937.65 amount of prior compensatory damages it now declines to pursue into the amount of the punitive damages to be awarded.  They also request the punitive damages be increased by an additional $5,000 for, in effect, their appellate fees and costs.  Doc. No. 73.  Debtor's Response, Doc. No. 75, does not take issue with Plaintiffs' election of the $100,280 compensatory damages amount, nor with Plaintiffs' request (found in an addendum, Doc. No. 74) for inclusion of the attorneys' fees and costs earlier awarded by this Court in the original Judgment. But Debtor opposes the increase of the punitive damages on either of the grounds urged by Plaintiffs.

**DISPOSITION**

Pursuant to the District Court's decision and instructions on remand, Plaintiffs have elected compensatory damages under § 523(a)(2)(A) of $100,280.00.  The Court shall award compensatory damages in such amount.

Upon careful consideration of all aspects of the issue of punitive damages, and the authorities related thereto, as discussed by both this Court initially and the District Court on appeal, punitive damages will be awarded in the amount of $100,280.00.

The attorneys' fees of $30,874.95 and costs of $543.50 previously awarded will be reaffirmed and allowed.

The amended nondischargeable judgment shall therefore be in the amount

MEMORANDUM OF DECISION ON REMAND - 4

of $231,978.45.

Except as incorporated in these findings and conclusions, the requests and

arguments of the parties in their post-remand submissions are rejected.

An appropriate form of Amended Judgment will be entered.

DATED:  January 29, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION ON REMAND - 5